# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-211V
**(Not to be Published)**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ODILON M. MIRANDA,

    Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

    Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Special Master Katherine E. Oler

Filed: March 16, 2021

Involuntary Dismissal; Failure to Prosecute; Rule 21(b).

## DECISION DISMISSING CASE FOR FAILURE TO PROSECUTE[1]

**I.    Procedural History**

On February 6, 2019, Odilon Miranda ("Petitioner") filed a petition for compensation in the National Vaccine Injury Compensation Program (the "Vaccine Program")[2] alleging that the pneumococcal vaccine he received on August 28, 2017 caused him to develop the Miller-Fisher variant of Guillain-Barré syndrome. Pet. at 1, ECF No. 1. On February 7, 2019, I issued an initial order in this case. ECF No. 5. I instructed Petitioner to file medical records and a statement of completion by April 8, 2019. *Id.* Petitioner filed these documents by March 20, 2019. ECF Nos. 7-9. Respondent subsequently filed his Report on February 27, 2020. ECF No. 17. Petitioner

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

filed a status report on April 2, 2020, indicating that he wished to file an expert report in response to Respondent's Report. ECF No. 19. Petitioner filed an expert report on July 24, 2020. ECF No. 22. Respondent filed responsive expert reports on October 28, 2020. ECF No. 28.

On January 4, 2021, Petitioner's counsel, Ms. Alison Haskins, filed a motion to withdraw as counsel.[3] ECF No. 30. In her motion, Ms. Haskins explained that "there presently exist irreconcilable differences between the undersigned attorney and Petitioner." *Id.* at 1.

I held a status conference on January 8, 2021. ECF No. 31. At this status conference, Ms. Haskins explained that "except for sporadic occasions, she had been unable to reach Petitioner and therefore would like to withdraw from the case." *Id.* at 1. Ms. Haskins indicated that she had attempted to contact Petitioner via email, phone, and certified mail, and that in the case of certified mail, Petitioner had received the mail, but had made no attempt to respond to it. *Id.*

In response to Ms. Haskins' representations, I ordered Petitioner file an affidavit by February 10, 2021, indicating whether he is still interested in continuing with his case. *Id.* at 1. I stated that "if Petitioner is unwilling to file such an affidavit, an order to show cause will issue." *Id.*

Petitioner did not file an affidavit by this deadline. Instead, on February 10, 2021, Ms. Haskins filed a status report stating that:

> Undersigned counsel has made multiple attempts via phone, overnight mail, and email to communicate with Petitioner regarding the January 11, 2021 Order requiring that Petitioner file an affidavit by today's date indicating whether he is still interested in the prosecution of his case. A copy of the Order was provided to Petitioner via overnight mail and email and detailed messages were left on his voicemail and via email regarding the requirements of the Order. Undersigned counsel has received no communication from Petitioner in regard to the Order or its requirements.

ECF No. 33 at 1.

On February 16, 2021, I issued an Order to Show Cause, in which I ordered Petitioner to file an affidavit indicating his desire to continue with the prosecution of this case. ECF No. 34. I informed Petitioner that his failure to file this affidavit would be interpreted as a failure to prosecute his claim and his petition would be dismissed. *See id.*

Petitioner did not file an affidavit by this deadline. On March 15, 2021, Ms. Haskins filed a status report stating she:

> has made multiple attempts via phone, overnight mail, and email to communicate with Petitioner regarding the February 16, 2021 Order to Show Cause requiring that Petitioner file an affidavit by today's date indicating whether he is still interested

---

[3] This motion was later withdrawn in light of the status conference I held on January 8, 2021. *See* ECF No. 31 at 2.

> in the prosecution of his case. A copy of the Order to Show Cause was provided to Petitioner via overnight mail and email and messages were left on his voicemail and via email regarding the requirements of the Order to Show Cause. Undersigned counsel has received no communication from Petitioner in regard to the Order to Show Cause or its requirements.

ECF No. 35 at 1.

## II.     Conclusion

Vaccine Rule 21(b)(1) provides that a "special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court." I have repeatedly ordered Petitioner to file an affidavit confirming his interest in the continued prosecution of his case. His failure to comply with my orders leads me to conclude that he is not interested in continuing his claim.

As such, **IT IS ORDERED THAT**,

The petition is hereby **DISMISSED** for failure of the petitioner to prosecute.

Any questions regarding this Decision may be directed to my law clerk, Sydney Lee, by telephone at 202-357-6347, or by email at Sydney_Lee@cfc.uscourts.gov.

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master
